UNITED STATES of America, Plaintiff,

v.

Paul Cletus LaTENDER, Defendant.

No. 78–Cr–166.

United States District Court,
E. D. Wisconsin.

Jan. 22, 1979.

Joan F. Kessler, U.S. Atty. by William E. Callahan, Jr., Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Charles F. Kahn, Jr., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendant's motion to dismiss and his motion for release of a presentence report prepared by the probation department in a related case.

The motion to dismiss asserts that the instant prosecution is improper because: (1) the defendant has been denied his right to a speedy trial; (2) the charge is an abuse of prosecutorial discretion; (3) dismissal would be in the interest of justice; and (4) there has been "unnecessary delay" in the prosecution of the case under Rule 48(b), Federal Rules of Criminal Procedure.

On March 14, 1977, Paul Cletus LaTender, the defendant, was arrested with Robert Hawpetoss and Joseph Hawpetoss for an alleged theft of personal property in excess of $100 which occurred that same day. An indictment was returned on March 17, 1977, charging the three, as Menominee Indians, with a violation of 18 U.S.C. §§ 1153, 661 and 2. An arraignment was held on March 25, 1977, at which the defendants entered pleas of not guilty, and they were released on bail. A pretrial conference was held on May 13, 1977, at which time a jury trial was scheduled for August 15, 1977.

On August 10, 1977, Mr. LaTender filed a notice of alibi with the names of his alibi witnesses in response to the government's demand made pursuant to Rule 12.1(a), Federal Rules of Criminal Procedure. On August 12, 1977, the government requested leave to file a dismissal of the indictment against Mr. LaTender, without offering any reasons for the request, and the request was granted that same day, whereupon the prosecution against Mr. LaTender terminated.

On August 15, 1977, the two remaining defendants, Robert and Joseph Hawpetoss, failed to appear and bench warrants were issued for their arrest. Upon return of the bench warrants, the trial was rescheduled for November 7, 1977. After 6 days of trial, the defendants Joseph and Robert Hawpetoss were convicted of the charge in the indictment. Their convictions were affirmed by the court of appeals on August 18, 1978.

Mr. LaTender was reindicted on November 28, 1978, on the same charge. The circumstances underlying the reindictment were disclosed by the prosecutor during oral argument on the motion to dismiss and in an affidavit. The prosecutor explains that the original indictment against Mr. LaTender was dismissed because the prosecutor believed the evidence was insufficient to obtain a conviction of Mr. LaTender. In December, 1977, between the dates of the trial and the sentencing proceeding, Robert Hawpetoss agreed to give a statement to law enforcement authorities about an unrelated crime. In return, the government agreed to inform the court at the time of sentencing of Robert Hawpetoss' cooperation. During the course of his interview with the authorities, Robert Hawpetoss related facts inculpating Mr. LaTender in the March 14, 1977, theft. The government asserts that this tender of information came without solicitation by the authorities, and this statement of Robert Hawpetoss is the sole additional evidence upon which the prosecutor justifies the new indictment.

Robert Hawpetoss filed an appeal of his conviction after sentencing, and the government refrained from seeking a new indictment against Mr. LaTender until the appeal was resolved. Thereafter, the prosecutor obtained authorization from the attorney general to request a grant of immunity for Robert Hawpetoss so as to require him to give testimony before the grand jury regarding the theft. The new indictment was filed a month later.

■ The defendant first contends that in view of the time lapse since March, 1977, he has been denied his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. I disagree. The Act provides that where a defendant is reindicted for the same offense, the time limits set forth in the Act run from the date of the subsequent indictment. 18 U.S.C. § 3161(d). Since compliance with the Speedy Trial Act is measured from the time of the second indictment, the defendant's argument fails.

■ A closer question is presented by the defendant's claim that he has been deprived of his constitutional right to a speedy trial. The protection of a speedy trial is guaranteed by the Sixth Amendment, and, to a limited extent, by the due process clause of the Fourteenth Amendment. *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). *Lovasco* and *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), hold that the Sixth Amendment is concerned with delay occurring between the time a defendant is indicted and the time of trial and that Fourteenth Amendment due process provides protection from oppressive delay occurring between the time an offense is committed and the time an indictment is returned.

■ The delay for Sixth Amendment purposes must be viewed from the time Mr. LaTender was reindicted, since it is the second indictment which he challenges. From this perspective, the delay since indictment—less than 2 months—has not been long enough to be "presumptively prejudicial" and to trigger the Sixth Amendment. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). However, there was a substantial delay (20 months) between the two indictments, which must be examined from the standpoint of Fourteenth Amendment due process.

In *United States v. Lovasco,* the Court faced the issue whether an indictment must be dismissed because of an 18 month delay between the commission of the offense and the initiation of the prosecution where the purpose of the delay was to investigate whether other persons participated in the crime. The Court held that "the Due Process Clause has a limited role to play in protecting against oppressive delay" apart from the primary role played by statutes of limitations. In defining this limited role, the Court rejected Mr. Lovasco's contention that proof of prejudice alone demonstrates a violation of due process and stated that the reasons for the delay must also be considered. 431 U.S. at 790, 97 S.Ct. 2044. The Court applied the traditional standards to the question of when a delayed prosecution violates due process:

> "We are to determine only whether the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions' . . . and which define 'the community's sense of fair play and decency . . . .' " *Id.* (citations omitted).

Applying this standard to the case before it, the Court found error in the district court's dismissal of the indictment, reasoning as follows:

> "[I]t requires no extended argument to establish that prosecutors do not deviate from 'fundamental conceptions of justice' when they defer seeking indictments until they have probable cause to believe an accused is guilty . . . It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." *Id.* at 790–791, 97 S.Ct. at 2049.

■ Similarly, in this case it cannot be said that the prosecutor's decision to reindict the defendant on the basis of Mr. Hawpetoss' statement is fundamentally unfair. Mr. LaTender has not suggested that the prosecutor's dismissal of the first indictment was "an intentional device to gain tactical advantage over the accused." *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971).

A different conclusion might follow if the prosecutor had dismissed the first indictment *with the intention* of securing Mr. Hawpetoss' statement in order to obtain a tactical advantage in a later trial upon a subsequent indictment of Mr. LaTender. Since Mr. LaTender was originally indicted with Mr. Hawpetoss and was to be tried with him, any statement by Mr. Hawpetoss inculpating Mr. LaTender may have been inadmissible under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Thus, arguably, the government might intentionally have attempted to obtain a tactical advantage over Mr. LaTender by dismissing the first indictment, obtaining a second indictment and trying Mr. LaTender armed with the evidence supplied by Mr. Hawpetoss.

■ However, I must presume the prosecutor's motives are proper; see *United States v. Falk,* 479 F.2d 616 (7th Cir. 1973); the circumstances of this case support that presumption. The first indictment was dismissed shortly after Mr. LaTender filed his notice of alibi and shortly before the commencement of trial. It is likely that the prosecutor believed that a conviction could not be obtained because of the alibi defense. Moreover, the evidence upon which the prosecutor justifies the new indictment was elicited inadvertently while Mr. Hawpetoss was being interviewed about an unrelated offense. I find no reason to believe that the dismissal was calculated to circumvent the *Bruton* problem.

Finally, it is significant that the defendant does not argue that he has suffered substantial prejudice as a result of the delayed prosecution of this case. Under all the circumstances, I believe that the renewed prosecution of Mr. LaTender does not violate due process.

■ The defendant urges as a separate ground for dismissal that there has been "unnecessary delay" in the government's prosecution of this case. Rule 48(b). To the extent that this argument is premised on constitutional grounds, it is foreclosed by the preceding discussion. Apart from such constitutional considerations, I also find no basis for concluding that the prosecution has indulged in unnecessary delay. Even though the government was aware of Mr. Hawpetoss' testimony implicating Mr. LaTender as early as December, 1977, an indictment could not be sought immediately because Mr. Hawpetoss appealed his conviction and could not be compelled to testify before the grand jury about the very offense being challenged under appellate review. Upon resolution of the appeal in Mr. Hawpetoss' case, the prosecutor obtained the authority to seek immunity for Mr. Hawpetoss and promptly brought him before the grand jury, which returned an indictment shortly thereafter. I believe the record shows that the delay between December, 1977, and November, 1978, was necessary. Therefore, I decline to dismiss the indictment under Rule 48(b).

Finally, the defendant argues that this case has been brought through an abuse of prosecutorial discretion and that the case should be dismissed in the interest of justice because the crime is not a serious one, the defendant has no previous record, and the testimony of Mr. Hawpetoss is incredible.

■ The constitutional scheme for separation of powers precludes a district court from substituting its judgment for that of the executive branch in deciding which cases to prosecute. *United States v. Lovasco,* 431 U.S. at 790, 97 S.Ct. 2044; *United States v. Hall,* 559 F.2d 1160 (9th Cir. 1977), cert. denied, 435 U.S. 942, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978). The defendant suggests no constitutional defect in the prosecution other than the speedy trial issue discussed above. Thus, I have no power to terminate this case on the basis of my no-

tion of whether Mr. LaTender should be prosecuted.

The defendant has also moved for an order releasing the presentence report on Robert Hawpetoss prepared by the probation department before Mr. Hawpetoss' sentencing. The government does not oppose the motion, but I believe the motion should be denied.

As I have noted in a recent case, "[p]resentence and probation reports are prepared in order to assist the court in sentencing. The disclosure of such reports is narrowly circumscribed even in the criminal cases for which they were prepared." *United States v. Krause*, 78 F.R.D. 203 (E.D.Wis.1978). The policy underlying the restricted-access rule was explained by the court of appeals in *United States v. Greathouse*, 484 F.2d 805, 807 (7th Cir. 1973):

"Presentence reports warrant special treatment. As other courts have held, requiring the disclosure of a presentence report is contrary to the public interest as it would adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused and from sources independent of the accused for use in the sentencing process. *United States v. Evans*, 454 F.2d 813, 820 (8th Cir. 1972). Rule 32(c)(2) of the Federal Rules of Criminal Procedure."

This policy compels me to deny the defendant's request to release the entire presentence report of Mr. Hawpetoss, which includes much information irrelevant to the defendant's interest in impeachment information. However, I have determined that the very limited portion of the report that recites Mr. Hawpetoss' "Version of the Offense" should be disclosed to the defendant. Rule 32(c)(3)(B), Federal Rules of Criminal Procedure. This portion of the presentence report has been disclosed to the parties along with this decision and order.

Therefore, IT IS ORDERED that the defendant's motion to dismiss the indictment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for release of the presentence report of Robert Hawpetoss be and hereby is denied.