**UNITED STATES of America, Plaintiff,**

v.

**John Malcolm COBB IV, Defendant.**

**No. CR–81–68.**

United States District Court,
W. D. New York.

March 11, 1982.

CURTIN, Chief Judge.

Defendant stands charged in a one-count indictment with violation of 18 U.S.C. §§ 922(g)(1) and 924(a). At this time, the defendant has moved to dismiss the indictment on the ground that his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* [the Act] have been violated.

The pertinent facts are not disputed, and I will set them forth briefly. Mr. Cobb was arrested at the Peace Bridge on July 2, 1981, while crossing from Canada into the United States. Allegedly, his automobile was searched and a revolver and ammunition discovered. It is the government's position that since the defendant was previously convicted of a felony, his possession of a firearm is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a).

The defendant appeared before United States Magistrate Edmund F. Maxwell on that same day, July 2, 1981. Magistrate Maxwell advised the defendant of his rights, set bail, and scheduled a preliminary hearing date for July 9. This preliminary hearing date was subsequently rescheduled for July 16, at the defendant's request. The grand jury returned this indictment on July 15, and Mr. Cobb was arraigned on July 27.

Noting that the defendant appeared *pro se* at the arraignment, Magistrate Maxwell entered a plea of not guilty on defendant's behalf and directed Mr. Cobb to report back to the court by July 31 regarding his efforts to retain legal counsel. Since Mr. Cobb was unable to obtain an attorney, he requested, on September 9, that counsel be assigned. The Magistrate assigned the defendant's present attorney to the case on September 11, 1981. Because the delay was occasioned by the fact that the defendant was without counsel, Magistrate Maxwell found that the time from July 27 to September 9, 1981 was excludable under section 3161(h)(8) of the Act.

Pretrial procedures commenced, and a meeting took place on October 27, 1981. At that time, the defendant moved to suppress certain of his statements made to a customs inspector. Jury selection was scheduled for November 23, 1981. It was agreed that a hearing on the suppression motion would take place after that date.

The docket sheet reflects that the jury was not selected on November 23, due to the defendant's illness. Accordingly, I found that the time from November 23, 1981 to January 4, 1982 was excludable under the Act because of the unavailability of the defendant. I found also that the period from January 5, 1982 to February 2, 1982 was excludable because of the pending motions. 18 U.S.C. §§ 3161(h)(1)(F), (3)(A). The record does not reflect any additional dates which are excluded from computation of time under the Act.[1]

Under the Speedy Trial Act and the Revised Plan for Prompt Disposition of Criminal Cases for the Western District of New York [Local Plan], trial in a criminal case must be commenced within 70 days of the time the "speedy trial clock" commences to run, taking into account any days which are determined to be excludable. 18 U.S.C. § 3161(c)(1); Rule 4(a) of the Local Plan.

Two key time periods are the subject of the dispute in this case. First, the parties disagree as to the date for the commencement of the Speedy Trial "clock." The defendant contends that the time should be measured beginning on July 15, 1981, the date the indictment was filed. The government argues that the proper date is July 27, the date Mr. Cobb was arraigned and pled not guilty.

Section 3161(c)(1) of the Act and Rule 4 of the Local Rules of this District provide, in pertinent part, that the 70-day period begins to run after the defendant's first appearance before a judicial officer or on the date upon which the indictment is filed, whichever event occurs last. The government would have this court hold that Mr. Cobb's appearance before Magistrate Maxwell on July 2 was not an "appearance" within the meaning of the statute and that his arraignment on July 27 marks his first appearance and the commencement of the 70-day period under the Act.

■ This argument ignores the language of section 3161(c) and the statutory scheme and purposes of the Act. If an initial preindictment appearance is not considered to be an appearance for Speedy Trial purposes, the date of the filing of the indictment could never be the last occurring date and could never mark the beginning of the 70-day period. Such an interpretation would render the language of section 3161(c)(1) and Rule 4(a) meaningless. *United States v. Carrasquillo*, 667 F.2d 382 (3d Cir. 1981). The plain meaning of the statute requires

1. Jury selection was scheduled for February 16, 1982, but was adjourned by the court pending my decision on this motion. My decision is not based on events subsequent to February 2 but

rests solely on the defendant's claim that his rights would have been violated even if jury selection had taken place as originally scheduled on November 23, 1981.

that we reject the government's argument and hold that the Speedy Trial "clock" commenced on July 15, 1981.[2]

Accepting Magistrate Maxwell's exclusion of the time from July 27 to September 9, the 70-day statutory period expired on November 7, 1981. The government nevertheless contends that the indictment need not be dismissed because the court may properly exclude additional time under section 3161(h)(1)(F) due to the defendant's oral request for a suppression hearing on October 27. In the alternative, the United States urges the court to exclude some of the days between October 27 and November 7 from computation under section 3161(h)(3)(A) on the ground of the defendant's unavailability, because Mr. Cobb was not within the district on the day the motion was made and was subsequently hospitalized.

 In view of the facts of this case, the court cannot accept the government's argument. The exclusions of section 3161(h)(1); (3) apply to any period of delay resulting from pretrial motions or the absence of the defendant. In this case it is clear that neither the defendant's absence nor his motion occasioned any delay of the trial.

A review of the transcript of the October 27 meeting demonstrates that Mr. Cobb's absence was noted by counsel and by the court. The court stated at that time that the defendant need not be present for the November 23 jury selection provided that he advise the court in writing of the waiver of his right to be present. Clearly, this was not a factor in the determination to set jury selection for a date after the expiration of the Speedy Trial deadline. And, in view of the fact that the date for the suppression hearing was not determined until after the October 27 meeting and the hearing was not held until January 1982, it cannot seriously be argued that this motion was the cause of any delay.

It appears, instead, that the delay was due to an error in computation on the part of the United States Attorney. While the court is satisfied that this error is the result of mere inadvertence and does not indicate bad faith on the part of the government, the remedy for violation of the Act is clear and is not dependent upon the prosecutor's motivation. 18 U.S.C. § 3162(a)(2) provides: "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant."

Accordingly, because I find that the United States is not in compliance with the provisions of the Act and the Western District of New York Speedy Trial Plan, the indictment is hereby dismissed, with prejudice.

So ordered.

---

2. This is in accord with the Guidelines to the Administration of the Speedy Trial Act of 1974 promulgated Criminal Law Committee of the Judicial Conference of the United States. In its communication of August 28, 1981, the Committee stated:

　If the defendant has appeared before a judicial officer in connection with the charge prior to the filing of the information or indictment, therefore, and the judicial officer was an officer of the court in which the information or indictment is filed, the time for trial is ordinarily measured from the filing date. Speedy Trial Advisory Issuance, # 33 at 7.