**UNITED STATES of America, Appellee,**

v.

**Gloria RODRIGUEZ–RESTREPO, Appellant.**

**No. 1191, Docket 81–1467.**

United States Court of Appeals, Second Circuit.

Argued June 3, 1982.

Decided June 4, 1982.

Paul R. Warburgh, Jr., Axelrod & Warburgh, New York City, for appellant.

Peter J. Tomao, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., Jane Simkin Smith, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for appellee.

Before KAUFMAN and WINTER, Circuit Judges, and WARD,* District Judge.

PER CURIAM:

This is an appeal from the judgment entered by Judge Nickerson, after a guilty

* Of the United States District Court for the Southern District of New York, sitting by designation.

plea, convicting Gloria Rodriguez-Restrepo of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Ms. Rodriguez-Restrepo contends that the indictment should have been dismissed on the grounds that her right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* ("Act"), and the Eastern District Plan for the Prompt Disposition of Criminal Cases ("Eastern District Plan"), and her constitutional rights under the Fifth and Sixth Amendments had been violated. We disagree and accordingly affirm the judgment of conviction.

A brief review of the facts will serve to place appellant's claims in context. On November 10, 1979, appellant Gloria Rodriguez-Restrepo was arrested along with five other persons in New Jersey in connection with the seizure of thirteen pounds of cocaine. On November 20, she and five co-defendants were indicted in the District of New Jersey, but on the motion of the United States Attorney, the indictment was dismissed on December 20, 1979. Ms. Rodriguez-Restrepo, an illegal alien, then left the country.

Subsequently, on February 22, 1980, appellant, along with seven co-defendants, was indicted in the Eastern District of New York for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment was based on the same facts and evidence as the previously dismissed New Jersey indictment. Since the Government did not know where she was, and despite efforts to locate her in three states and Colombia, South America, her arraignment on this indictment did not take place until January 14, 1981. She was directed to appear for trial before Judge Nickerson on February 6, 1981.

Rodriguez-Restrepo asserts that the district court should have dismissed the indictment for violations of the Act. The Act provides that the trial of a defendant must begin within seventy days either from the date of the filing of the indictment or information or from the date the defendant appeared before "a judicial officer of the court in which the charge is pending, whichever date occurs last." 18 U.S.C. § 3161(c)(1).

 When an indictment is dismissed and the defendant is subsequently indicted on the same offense or an offense based on the same conduct, the time between the dismissal and the later re-indictment or first appearance on the subsequent indictment is not included in the computations pursuant to the Act. 18 U.S.C. § 3161(h)(6). Thus, the appropriate date for calculating the recommencement of running of time pursuant to the Act is January 14, 1981, the date of Ms. Rodriguez-Restrepo's first appearance before a judicial officer in the Eastern District on these charges. From that date, a mere twenty-three days passed; adding the thirty days during which charges were pending in New Jersey reaches a total of fifty-three days, an amount well within the Act's seventy-day requirement. The provisions of the Eastern District Plan virtually mirror those of the Act, except that the total time is longer, one hundred ten days.[1] Accordingly, Judge Nickerson properly denied the motion to dismiss for violations of the Act and the Eastern District Plan.

 Appellant also contends that her sixth amendment right to a speedy trial was violated. Delay in this case was at most thirteen months, since the period from dismissal of the New Jersey indictment to reindictment in the Eastern District must be excluded. *United States v. Hillegas,* 578 F.2d 453, 457 (2d Cir. 1978). Thirteen months, however, is far shorter than the delay in cases in which we have found no violation. *See, e.g., United States v. McGrath,* 622 F.2d 36, 41 (2d Cir. 1980)

---

1. Originally, the Eastern District Plan provided that arraignment must take place within ten days of indictment, and trial was required to be commenced within sixty days of arraignment. Because of the burgeoning caseload and calendar congestion at the time of appellant's indictment, these periods were superseded by a single one hundred ten day period, pursuant to a judicial emergency declared by the Second Circuit Judicial Council, and authorized by statute, *see* 18 U.S.C. § 3174.

(twenty-four months); *United States v. DiFrancesco*, 604 F.2d 769, 776 (2d Cir. 1979) (approximately thirty months), *rev'd on other grounds*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

Moreover, virtually the entire delay is attributable to appellant's absence. The government's considerable efforts to find her were unavailing. This severely undercuts her sixth amendment claim. *See Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *United States v. Lane*, 561 F.2d 1075, 1077 (2d Cir. 1977). Finally, Ms. Rodriguez-Restrepo has not demonstrated "specific and substantiated prejudice" to her defense. *United States v. McGrath, supra*, 622 F.2d at 41; *see United States v. Ciraulo*, 486 F.Supp. 1125, 1128–29 (S.D.N.Y.1980). Thus, Judge Nickerson correctly concluded that appellant was not deprived of her sixth amendment right to a speedy trial.

Since appellant's other claim is completely without merit, we affirm the judgment of conviction in all respects.