**UNITED STATES of America, Plaintiff,**

**v.**

**Priscilla R. SCOTT, Defendant.**

**Crim. No. 82–00033–E(H).**

United States District Court,
N.D. West Virginia,
Elkins Division.

Feb. 3, 1983.

William A. Kolibash, U.S. Atty., Wheeling, W.Va., for plaintiff.

William R. Metzner, Wheeling, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On October 26, 1982, and continuing on November 4, 1982, the Court conducted a hearing on the Defendant's motion to dismiss the within indictment on the grounds that her rights under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.,* have been abridged. At the close of the hearing, the Court ruled from the bench and denied the Defendant's motion. The Court is now entering this Memorandum Opinion and Order so as to memorialize its prior bench ruling.

### I. *Chronology*

On May 17, 1982, the Defendant was arraigned in Criminal No. 82–00018–E(H)–19, wherein she was charged with conspiring to

unlawfully distribute and possess with intent to distribute certain narcotic and non-narcotic controlled substances, in violation of 21 U.S.C. § 846, and with possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The Defendant filed a number of pretrial motions on May 28, 1982. The Government filed its response to the Defendant's discovery motions on June 10, 1982, as well as its own discovery motion. The Court conducted a hearing on the aforementioned discovery motions on June 10, 1982, at which time the Court directed the parties to file memoranda of law in support of their respective positions on the Defendant's previously filed motion to dismiss. The Court scheduled a hearing on said motion for June 23, 1982. On June 23, 1982, the Government orally moved the Court to dismiss without prejudice the indictment against the Defendant in Criminal No. 82–00018–E(H)–19. By Order entered June 25, 1982, the Court granted the Government's motion to dismiss without prejudice.

On September 17, 1982, the Grand Jury returned the indictment at bar wherein the Defendant is charged with one count of conspiring to possess marijuana with the intent to distribute it, in violation of 21 U.S.C. § 846, one count of possessing marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), and two counts of the unauthorized possession of cocaine, in violation of 21 U.S.C. § 844(a). The Defendant was arraigned on this second indictment on September 23, 1982. On October 14, 1982, the Defendant filed her discovery motions in this action, as well as her motion to dismiss. On October 26, 1982, the Government filed its response to the Defendant's motions and the Court conducted a hearing, at which time it ruled on the Defendant's discovery motions. After having heard preliminary arguments on the Defendant's motion to dismiss, the Court ordered that an additional hearing would be conducted on this motion on November 4, 1982. At the close of the November 4, 1982 hearing the Court denied the Defendant's motion to dismiss the indictment.

Assuming, *arguendo,* that the charges contained in the indictment at bar pertain to "the same offense, or any offense [which is] required to be joined with ..." the charges which were brought against the Defendant in Criminal No. 82–00018–E(H)–19, the Defendant's trial on the indictment at bar would have to commence within seventy days from her May 17, 1982, arraignment in the prior criminal action. 18 U.S.C. § 3161(c)(1), (h)(6). The trial of this action commenced with voir dire and jury selection[1] on November 15, 1982, 182 days after the May 17 arraignment. The immediate issue before the Court, therefore, is what portion, if any, of the 182 days is "excludable" under 18 U.S.C. § 3161(h).[2]

---

1. Though the jury was not sworn and the presentation of testimony did not begin in this action until November 18, 1982, the Eleventh Circuit, observing that neither the Speedy Trial Act nor its legislative history defines when a trial commences, has held that "for purposes of the Act, a jury trial 'commences' when the court begins the voir dire." *See, U.S. v. Gonzalez,* 671 F.2d 441, 443 (11th Cir.) *cert. denied,* —— U.S. ——, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982).

2. 18 U.S.C. § 3161(h) provides in pertinent part as follows:
   "The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
   (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to

\* \* \* \* \* \*
   "(F) Delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
   \* \* \* \* \* \*
   (J) Delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the Defendant is actually under advisement by the court.
   \* \* \* \* \* \*
   (6) If the information or indictment is dismissed upon motion of the attorney for the government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge."

## II. Pretrial Motion Exclusion, 18 U.S.C. § 3161(h)(1)(F)

At first blush, the Defendant appears to advance a forceful argument that the Court should not exclude any of the 182 days under Subsection (h)(1)(F), since neither the trial of the action at bar, nor of the old criminal action, was actually delayed as a result of the filing of any pretrial motions. In essence, therefore, the Defendant maintains that the pretrial motion exclusion should only apply when the trial of a criminal action has been delayed as a direct result of any pretrial motions, or in other words, only where there would have otherwise been a timely [3] trial "but for" the filing of any pretrial motions.

In *U.S. v. Cobb*, 535 F.Supp. 112 (W.D.N.Y.1982), the court accepted the defendant's construction of subsection (h)(1)(F) and held that the pretrial motion exclusion only applies where a "motion was the cause of any delay." *Id.* at 114.[4]

The Eighth Circuit, however, has expressly rejected the Defendant's construction of subsection (h)(1)(F) and has adopted an automatic exclusion rule under this subsection. *See U.S. v. Brim*, 630 F.2d 1307 (8th Cir.1980) *cert. denied* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981).[5] A number of other courts have implicitly rejected the Defendant's "but for" construction in favor of a broad automatic exclusion of the lapse between the filing of any pretrial motions until they are "submitted" for decision. *See e.g., U.S. v. Raineri*, 670 F.2d 702, 707–08 (7th Cir.1982); *Furlow v. U.S.*, 644 F.2d 764, 768 (9th Cir.1981); *U.S. v. Manbeck*, 514 F.Supp. 152, 154 (D.S.C.1981); *U.S. v. Simms*, 508 F.Supp. 1175 (W.D.La.1979) (holding that the time which elapses between the filing of a pretrial motion and the hearing on that motion is excludable).

---

**3.** 18 U.S.C. § 3161(c)(1), (h)(6).

**4.** Without expressly adopting the Defendant's "but for" construction of subsection (h)(1)(F), the Seventh Circuit has held that a 60-day period during which a defendant's pretrial motions were pending was excludable under that subsection where the trial was delayed as a result of the defendant's failure to call the trial court's attention to the fact that his pretrial motions were still pending. *See U.S. v. Regilio*, 669 F.2d 1169 (7th Cir.1981) *cert. denied* —— U.S. ——, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982).

**5.** "The appellant argues that ordinary pretrial motions for discovery, disclosure of alibi witnesses, and the like do not give rise to excludable periods unless delay of the trial actually is caused by the filing of the motions. The government contends, on the other hand, that the statute provides for automatic exclusion of the time when such motions are pending.

The district court considered the theories of each side and concluded that the Act intended automatic exclusion. This interpretation is consistent with the language of the Act, as amended, and with the apparent purpose of the amendment. Prior to the 1979 amendment the Act provided for exclusion of any 'delay resulting from hearings on pretrial motions.' 18 U.S.C. § 3161(h)(1)(E) (Amended 1979). The present version of the Act would exclude 'delay resulting from any pretrial motion from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion.' 18 U.S.C. § 3161(h)(1)(F).

The appellant focuses on the phrase 'delay resulting from' and concludes that some unusual delay of the trial must be caused before the exclusion is effective. However, the legislative history of the 1979 amendment demonstrates that Congress intended a more liberal interpretation of the provision as a whole. The House Report includes the following discussion of the pretrial motion exclusion:

The provision of existing law relating to exclusion of periods of delay 'resulting from hearings on pretrial motions' is revised to avoid an unduly restrictive interpretation of the exclusion as extending only to the actual time consumed in a pretrial hearing. The Committee approves the expansion of this exclusion to 'delay resulting from any pretrial motions from the filing of the motion, through the conclusion of the hearing on, or other prompt disposition of, such motion' with the intention that potentially excessive and abusive use of this exclusion be precluded by district or circuit guidelines, rules, or procedures relating to motions practice.

H.R.Rep. No. 96–390, 96th Cong., 1st Sess., *reprinted in* [1979] U.S.Code Cong. & Admin. News pp. 805, 814 .... We have found no prior judicial interpretation of this recently amended section. However, we believe that the district court's construction is consistent with the flexible application intended by Congress and we approve it."

*U.S. v. Brim, supra*, at 1312–13.

*Cf., U.S. v. Nolan,* 523 F.Supp. 1235 (W.D. Pa.1981) (reading 18 U.S.C. § 3161(h)(1)(F) and § 3164(b) *in pari materia* and holding that the period of time during which pretrial motions are pending is excluded when calculating § 3164(b)'s 90-day limit on pretrial detention).

In observing that the 1979 amendment was intended to clarify the starting and ending dates of the pretrial motion exclusion, the Committee on the Administration of the Criminal Law of the Judicial Conference of the United States stated:

"The report of the Senate Judiciary Committee indicated that the phrase 'other prompt disposition' was intended to mark the ending date of the exclusion when motions are decided on the papers. (S.Rept. No. 96–212, p. 34 (1979).) However, the report also expressed concern that the provision not be applied in a manner that would justify keeping such matters under advisement for longer than the thirty day period for which an exclusion is provided under subparagraph (J). It may be noted that the Committee recommendation treats the 'conclusion of the hearing on' a pretrial motion as occurring only after receipt of any post-hearing submissions that may be permitted by the court. This is consistent with the treatment of post-hearing submissions under the Second Circuit guidelines, which were generally regarded favorably by the congressional proponents of the 1979 amendments. In light of the general purpose of the 1979 amendment to this paragraph, it would be anomalous to conclude that time for post-hearing submissions was not excludable.

*Starting Date.* Date the motion is filed or made orally.

*Ending Date.* Date on which the Court has received everything it expects from the parties before reaching a decision— that is, the date on which all anticipated briefs have been filed *and any necessary hearing has been completed.*

*Comment.* The Senate Committee report on the 1979 amendments (S.Rept. 96–212, p. 34 (1979)) observed that this provision 'could become a loophole which could undermine the whole Act.' It noted that many district courts require that all pretrial motions be filed within a specified time, and urged that this procedure be generally adopted. Such a procedure is also suggested by *Rule* 12(c), Federal Rules of Criminal Procedure."

Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, *Guidelines to the Administration of the Speedy Trial Act of 1974,* 32–34 (1979) (emphasis added) [hereinafter Judicial Conference Guidelines].[6]

Accordingly, the twenty-six day lapse between May 28, 1982, when the Defendant filed her pretrial motions in the prior criminal action, until June 23, 1982, when the Government filed its final response to these motions and when a hearing was scheduled on Defendant's motion to dismiss, is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(F). In addition, the twenty-one day lapse between the filing of the Defendant's pretrial motions in the action at bar on October 14, 1982, until the conclusion of the final hearing on them on November 4, 1982, is likewise excludable. A total of forty-seven days, therefore, is excludable under subsection (h)(1)(F).[7]

6. *Cf., U.S. v. Bufalino,* 683 F.2d 639, 644 (2d Cir.1982) ("While these guidelines are not binding, the interpretation they espouse is persuasive.")

7. On May 19, 1982, the Court entered an Order in Criminal No. 82–00018–E(H)–19 directing Scott to file her pretrial motions by May 28, 1982, and for the Government to file its responses no later than June 7, 1982. While the Defendant complied, the Government did not file its responses until June 10, 1982. In the action at bar, the Court similarly entered an order on September 28, 1982, directing the Defendant to file her pretrial motions by October 11, 1982, and for the Government to file its responses by October 18, 1982. The Defendant, however, did not actually file her pretrial motions until October 14, 1982, which prompted the Government to file, on October 22, 1982, a motion for an extension of time in which to respond until October 24, 1982. While the Court overlooked ruling on the Government's motion, the Court finds in retrospect that the Government's request for an extension was justified. In any event, the Government did not

### III. *Under Advisement Exclusion, 18 U.S.C. § 3161(h)(1)(J)*

With respect to subsection (h)(1)(J),[8] the Judicial Conference Guidelines [9] provide:

"(J) Proceedings Under Advisement.

*General.* This exclusion covers the time required for the court to consider a motion. Although the excludable period under this subparagraph is limited to thirty days, additional time required to consider a motion may in some cases warrant a continuance of the trial date under paragraph (h)(8).

*Starting Date.* The starting date is the day following the date on which the court has received everything it expects from the parties, examining physicians, etc. . . . . It is normally the date following the expiration of an exclusion under subparagraph (A), (B), (F) or (G).

*Ending Date.* The ending date is the earliest of (1) the date the judge's decision is filed. (2) The date the judge renders his decision orally in open court, or (3) the expiration of the thirty day maximum period."

*Judicial Conference Guidelines, supra,* at 42–43. Under these guidelines, therefore, the two-day lapse between the Government having made its oral motion to dismiss the prior indictment on June 23, 1982, and this Court's granting of the same on June 25, 1982, is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(J).

### IV. *Interim Indictment Exclusion, 18 U.S.C. § 3161(h)(6)*

When a defendant is reindicted "for the same offense, or any offense required to be joined with [the] offense" [10] alleged in a prior indictment, after the Government successfully moves the Court to dismiss the prior indictment, the statutory [11] time period within which the Defendant must be brought to trial on the second indictment commences to run from the latter of either the return of the first indictment, or the Defendant's initial appearance "before a judicial officer of the court in which . . . [it] is pending." [12] In such an instance, however, the Government is given the benefit of excluding the amount of time during which no indictment is outstanding against the Defendant. *See U.S. v. Arkus,* 675 F.2d 245 (9th Cir.1982); *U.S. v. Hencye,* 505 F.Supp. 968 (N.D.Fla.1981); *U.S. v. Sebastian,* 428 F.Supp. 967 (W.D.N.Y.1977) *affirmed without opinion,* 578 F.2d 1372 (2d Cir.1978). *But cf., U.S. v. LaTender,* 464 F.Supp. 607, 609 (E.D.Wis.1979) ("The Act provides that where a defendant is reindicted for the same offense, the time limits set forth in the Act run upon the date of the subsequent indictment.") [13]

file its responses until immediately before the first pretrial motion hearing on October 26, 1982, two days after the requested extension had expired.

Since the Defendant has not raised the effect, if any, which hers and the Government's tardiness may have had on subsection (h)(1)(F)'s exclusion, the Court has not considered the issue. So as to insure compliance with both the letter and the spirit of the Speedy Trial Act in all future criminal actions, the Court admonishes both Government and defense attorneys to strictly adhere to the Court's pretrial motion filing deadlines.

8. The Second Circuit has recently held that Congress intended that the thirty-day limitation on the amount of time which may be excluded while a "proceeding concerning the defendant is actually under advisement," 18 U.S.C. § 3161(h)(1)(J), would apply to pretrial motion practice. *U.S. v. Bufalino, supra.*

9. Note 6, *supra.*

10. 18 U.S.C. § 3161(h)(6).

11. 18 U.S.C. § 3161(c)(1).

12. *Id.*

13. In reaching its anomalous conclusion, the *LaTender* court relied upon 18 U.S.C. § 3161(d). Both the express language and the legislative history of subsection (d), however, reveal that its application is limited to where the *Defendant* succeeds on a motion to dismiss based on other than Speedy Trial grounds. *See* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974,* 75–81 (Federal Judicial Center 1980). The majority and better reasoned view, accordingly, is that subsection (d) does not apply where reindictment follows the dismissal of an indictment at the Government's behest.

Accordingly, the ninety-day [14] lapse between the dismissal of Criminal No. 82–00018–E(H)–19 on June 25, 1982, and the Defendant's arraignment [15] in Criminal No. 82–00033–E(H) on September 23, 1982, is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(6).

### V. *The Trial Date Was Timely*

For the reasons stated above, the Court finds that 139 of the 182 days which elapsed between the Defendant's arraignment on the initial indictment, on May 17, 1982, and the commencement of the trial of this action, on November 15, 1982, are excludable under 18 U.S.C. § 3161(h). As a result, the trial of this action commenced within forty-three chargeable days, well within Section 3161(c)(1)'s 70-day deadline. Accordingly, the Defendant's motion to dismiss on the grounds that her rights under the Speedy Trial Act were abridged is hereby DENIED.

## APPENDIX

| Time Periods | Chargeable | Excludable | Reason for Exclusion | |
|---|---|---|---|---|
| 5/17–28/82 | 11 | | | |
| 5/28–6/23/82 | | 26 | (h)(1)(F) | Pendency of Motion |
| 6/23–25/82 | | 2 | (h)(1)(J) | Motion Under Advisement |
| 6/25–9/23/82 | | 90 | (h)(6) | No Indictment Pending |
| 9/23–10/14/82 | 21 | | | |
| 10/14–11/4/82 | | 21 | (h)(1)(F) | Pendency of Motion |
| 11/4–15/82 | 11 | — | | |
| | 43 | 139 | | |

**14.** *U.S. v. Arkus, supra* (81 days excluded under subsection (h)(6)). *Cf., U.S. v. Iaquinta,* 674 F.2d 260, 269 (4th Cir.1982) ("If the delay is such as to offend the due process clause of the Fifth Amendment, the remedy is under that Amendment, but it provides no basis for a remedy under the Speedy Trial Act.") *But cf., U.S. v. Ford,* 532 F.Supp. 352, 353 (D.D.C.1981) ("[T]o permit the government to dismiss an indictment on their own motion for whatever reason, and then reindict after the applicable time periods would be in direct contravention of the Speedy Trial Act and will not be permitted ...").

**15.** Though the indictment at bar was returned by the Grand Jury on September 17, 1982, the Defendant did not make her initial appearance before this Court until her arraignment on September 23, 1982. Accordingly, the Speedy Trial clock did not begin to run again until September 23, 1982. *See U.S. v. Rodriguea-Restrepo,* 680 F.2d 920 (2d Cir.1980) (per curiam).

Such a conclusion is readily apparent when one reads the disjunctive language contained in 18 U.S.C. § 3161(c)(1) *in pari materia* with subsection (h)(6)'s exclusion of the "period of delay resulting from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge *had there been no previous charge*." 18 U.S.C. § 3161(h)(6) (emphasis added).