UNITED STATES of America, Plaintiff,

v.

Reno Richard COVA, Jr., M.D., and Sandra Pozywio, Defendants.

No. H CR 83–43.

United States District Court,
N.D. Indiana,
Hammond Division.

Feb. 13, 1984.

Scott L. King, Asst. U.S. Atty., Hammond, Ind., for plaintiff.

Richard F. James, Dyer, Ind., for defendant Cova.

Richard A. Hanning, Hammond, Ind., for defendant Pozywio.

## MEMORANDUM OF DECISION DENYING DEFENDANT COVA'S MOTION TO DISMISS BASED ON THE SPEEDY TRIAL ACT

KANNE, District Judge.

On the 25th day of January, 1984, the Court had before it defendant Cova's motion to dismiss the indictment because of the Government's failure to comply with the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.* The defendant and Government had previously filed memorandum of law in support and opposition. Upon argument the Court orally denied defendant Cova's motion. The Court now enters this order to memorialize its ruling.

The relevant procedural history of this case is as follows:

| Date | Activity |
| --- | --- |
| September 25, 1983 | The Government filed a complaint against the defendants before the Magistrate. The Magistrate issued an arrest warrant for defendant Cova and defendant Cova was arrested. Defendant Cova appears without counsel before the Magistrate. |
| October 21, 1983 | The original 7-count indictment returned against defendant Cova and codefendant Sandra Pozywio. Defendant Cova named in all counts except Count III. |
| November 7, 1983 | Defendant Cova appeared before the Magistrate and requested a continuance. The Magistrate sets defendant Cova's arraignment for November 18, 1983. |
| November 18, 1983 | Defendant Cova arraigned on the indictment. Defendant pled not guilty to all counts. The Magistrate set trial for December 19, 1983, before Judge Moody. |
| November 22, 1983 | Judge Moody recused himself. The clerk reassigned defendant's case to Judge Kanne. |
| November 23, 1983 | Judge Kanne sets defendant's case for trial on December 12, 1983. |
| December 8, 1983 | On motion of the Government the Court dismissed the original indictment without prejudice. |
| December 16, 1983 | The Government filed the second 7-count indictment against defendant and codefendant Pozywio. Again defendant Cova named in all counts except Count III. The arraignment on the second indictment scheduled for January 5, 1984. |
| January 5, 1984 | Defendant failed to appear because the United States Marshal never served the defendant with summons. Defendant's arraignment reset for January 11, 1984. The Magistrate advised defendant Cova's counsel of a January 30, 1984 trial date. |
| January 11, 1984 | Defendant arraigned and pled not guilty to all the counts naming him in the second indictment. |

In addressing a speedy trial issue the starting point is Title 18 U.S.C. § 3161(c)(1) which states in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Defendant's preindictment appearance before the Magistrate on September 25, 1983, constituted an "appearance" under § 3161(c)(1) and thus makes the first indictment filing date of October 21, 1983, the latter of the two. Consequently the seventy day time period began to run on October 21, 1983.

Under the Speedy Trial Act certain periods of time are excluded from the seventy day time limitation. Section 3161(h)(6) defines the excludable time when, as here, the Government moves to dismiss the indictment and then files a second indictment.

3161(h) The following periods of delay shall be excluded ... computing the time within which the trial of any such offense must commence.

. . . .

(6) If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

Defendant argued that this section only calls for the exclusion of time between the dismissal of the first indictment, December 8, 1983, and the filing of the second indictment, December 16, 1983, a period of eight days.

■ The Government argued that excludable time under § 3161(h)(6) does not automatically end on the filing of the second indictment. The period of excludable time is determined by applying § 3161(c)(1) to the subsequent indictment. The excludable time then runs to the latter of the date of the filing of the second indictment or the date defendant has first appeared on these amended charges. In support of this interpretation the Government relied on the language in § 3161(h)(6) *as if there had been no previous charge.* The latter date in this case was January 11, 1984.

■ The Court agreed with the Government's interpretation. Thus the period of time from December 8, 1983, the dismissal of the first indictment to January 11, 1984, to defendant's post second indictment appearance was excludable time under § 3161(h)(6).

This same interpretation of § 3161(h)(6) was made in *United States v. Scott,* 557 F.Supp. 990, 994–995 (N.D.W.Va.1983). In *Scott,* on June 25, 1982, the Court granted the Government's motion to dismiss the first indictment. On September 17, 1982, the grand jury returned a second indictment and on September 23, 1982, the defendant was arraigned on the second indictment. The Court held that the time period excluded under 18 U.S.C. § 3161(h)(6) started on the dismissal of the first indictment and ended on the day of defendant's arraignment on the second indictment.

The same result was also reached in *United States v. Rodriquez-Restrepo,* 680 F.2d 920 (2nd Cir.1982). There the second indictment was filed on February 22, 1980, and because of defendant's disappearance she was not arraigned on the second indictment until January 14, 1981. In holding that the time period excludable under § 3161(h)(6) lasted until January 14, 1981, the Court stated:

When an indictment is dismissed and the defendant is subsequently indicted on the same offense or an offense based on the same conduct, the time between the dismissal and the later re-indictment or first appearance on the subsequent indictment is not included in the computations pursuant to the Act. 18 U.S.C. § 3161(h)(6). Thus, the appropriate date for calculating the recommencement of running of time pursuant to the Act is January 14, 1981, the date of Ms. Rodriquez-Restrepo's first appearance before a judicial officer in the Eastern District on these charges. From that date, a mere twenty-three days passed; adding the thirty days during which charges were pending in New Jersey reaches a total of fifty-three days, an amount well within the Act's seventy-day requirement. *Id.* at 921.

The following computations, using the *Scott* and *Rodriquez-Restrepo* interpretation of § 3161(h)(6), demonstrate that defendant Cova's motion to dismiss was without merit:

1. Time elapsed from the 70 day period under first indictment (October 21, 1983—December 8, 1983) — 48 days
Excludable time of November 7 and 18, 1983, pursuant to 3161(h)(1) — - 2 days
Total Includable Time under the first indictment — 46 days
2. Time elapsed from the 70-day period between defendant's arraignment on the second indictment to defendant's trial (January 11, 1984, to February 6, 1984) — 27 days
Excludable time from January 30, 1984, to February 6, 1984, because of a trial continuance granted by the Court at the request of defendant Cova 3161(h) 8 (a) — - 7 days
Total Includable Time under the second indictment — 20 days
3. Total Includable Time under both indictments (46 days + 20 days) — 66 days

Defendant's trial took place within the required period under the Speedy Trial Act. Accordingly the defendant's motion to dismiss based on the Speedy Trial Act was OVERRULED and DENIED.