FOR PUBLICATION

## JUDICIAL COUNCIL OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE APPROVAL OF THE JUDICIAL EMERGENCY DECLARED IN THE SOUTHERN DISTRICT OF CALIFORNIA | ORDER |

Before: **THOMAS**, Chief Circuit Judge, **BYBEE, IKUTA, SMITH, MURGUIA**, and **CHRISTEN**, Circuit Judges; **HAMILTON, MARTINEZ, PHILLIPS**, and **SEABRIGHT**, Chief District Judges; and **LEW**, Senior District Judge

On March 17, 2020, Chief Judge Larry A. Burns declared a thirty-day judicial emergency in the Southern District of California pursuant to 18 U.S.C. § 3174(e). Finding no reasonably available remedy, the Judicial Council has agreed to continue the judicial emergency for an additional one-year period and extend the time limits of 18 U.S.C. § 3161(c), consistent with the provisions of 18 U.S.C. § 3174. This authorization will end on April 17, 2021.

The attached *Report of the Judicial Council of the Ninth Circuit Regarding a Judicial Emergency in the Southern District of California* constitutes the findings of fact and conclusions of law of the Judicial Council justifying a declaration of judicial emergency pursuant to 18 U.S.C. § 3174. This report was submitted to the Director of the Administrative Office of the United States Courts. *See* 18 U.S.C. § 3174(d).

Adopted: April 2, 2020

_____
Hon. Sidney R. Thomas, Chair

**REPORT OF THE JUDICIAL COUNCIL OF THE NINTH CIRCUIT
REGARDING A JUDICIAL EMERGENCY
IN THE SOUTHERN DISTRICT OF CALIFORNIA
Submitted to the Administrative Office of the U.S. Courts
Pursuant to 18 U.S.C. § 3174(d)(1)
April 2, 20 20**

On March 17, 2020, Chief District Judge Larry A. Burns declared a judicial emergency in the Southern District of California under 18 U.S.C. § 3174. He reported that under the emergency declarations of national, state and local governments, as well as recommendations from the Centers for Disease Control and Prevention to convene groups of no more than 10 people, the Court is unable to obtain an adequate spectrum of trial and grand jurors. The suggested physical distancing measures required to protect public safety diminishes the availability of counsel, witnesses, parties, the public, Probation and Pretrial Services, and Court staff to be present in the courtroom. Chief Judge Burns sought the Ninth Circuit Judicial Council's approval in declaring an emergency that would extend the time limits of the Speedy Trial Act (STA) for bringing accused criminal defendants to trial. This type of request has been approved on three occasions, with Circuit Judicial Councils approving judicial emergencies under 18 U.S.C. § 3174 (e) since the STA was enacted.

With the immediate and pending national and local state of emergencies, Chief Judge Larry A. Burns was compelled to declare a judicial emergency under 18 U.S.C. § 3174(e). This judicial emergency period commenced on March 17, 2020, and will end on April 16, 2020. After gathering additional data, the Judicial Council found no reasonable remedy, thus agreed to declare a judicial emergency and suspend the STA time limits required by 18 U.S.C. 3161(c) in the District for one year. The continued judicial emergency will commence on April 17, 2020, and will conclude on April 17, 2021.

Under 18 U.S.C. § 3174(d), the Judicial Council hereby submits to the Administrative Office of the United States Courts the Southern District of California's application for a declaration of a judicial emergency and a written report stating in detail the reasons for granting the application.

Report of the Judicial Council of the Ninth Circuit Regarding a
  Judicial Emergency in the Southern District of California
April 2, 2020
Page 2

## I. National, State, and County State of Emergencies – Public Safety

On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 (Coronavirus Disease) pandemic. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020. San Diego Mayor Kevin Faulconer declared a State of Emergency in the city of San Diego on March 12, 2020.

On March 27, 2020, the Judicial Conference of the United States, acting pursuant to the authority granted it under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), specifically found that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

The World Health Organization declared COVID-19 a pandemic on March 11, 2020. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact and no vaccine currently exists.

No information is currently available to determine when the CDC may retract its recommendations regarding limited group gatherings and physical distancing. By limiting person-to-person contact, the public may "flatten" the epidemic curve of the COVID-19 outbreak.

## II. A Judicial Emergency Exists in the Southern District of California

### A. 18 U.S.C. § 3174: The Judicial Emergency Provision

According to 18 U.S.C. § 3174(a), upon application by the district, a judicial council "shall evaluate the capabilities of the district, the availability of visiting judges from within and without the circuit, and make any recommendations it

Report of the Judicial Council of the Ninth Circuit Regarding a
   Judicial Emergency in the Southern District of California
April 2, 2020
Page 3

deems appropriate to alleviate calendar congestion resulting from the lack of resources." If a judicial council finds no reasonably available remedy, it may declare a judicial emergency and suspend the 70-day time limit for a period up to one year, instead allowing up to 180 days before a trial must commence. *See* 18 U.S.C. §3174(b). The time limits to try detained persons "who are being detained solely because they are awaiting trial" are not affected by the emergency provision. *Id*. If the time limits are not suspended, the sanction for not bringing a defendant to trial within 70 days of the filing of the indictment is a dismissal of the indictment. *See* 18 U.S.C. §3162(a)(2).

The statute does not specify what qualifies as an emergency or what factors to assess before determining that there is "no reasonably available remedy." In the legislative history of the STA, many members of Congress commented on the importance of a court's resources to be able to comply with the Act's time limits, and the ability to suspend time limits if a court could not meet those requirements. *See* 120 Cong. Rec. 41,733, 41,755 (1974).

Congress did not intend that a district court demonstrate its inability to comply with the STA by dismissing criminal cases and releasing would-be convicted criminals into society. *See* H.R. Rep. No. 93-1508 at 80-82, *reprinted* in 1974 U.S.C.C.A.N. 7401. In fact, the emergency provision has been used has been used previously on three occasions to avoid imminent criminal dismissals as a sanction for non-compliance. *See United States v. Bilsky*, 664 F.2d 613,619-20 (6th Cir. 1981) (Sixth Circuit suspended time limits for one year in the Western District of Tennessee shortly after the STA became effective in 1980); *United States v. Rodriguez-Restrepo*, 680 F.2d 920, 921 at n.1 (2d Cir. 1982) (Second Circuit approved emergency for the Eastern District of New York, noting the district's "burgeoning caseload and calendar congestion."); the Ninth Circuit approved a declaration of emergency pursuant to 18 U.S.C. § 3174(b) for the District of Arizona on February 24, 2011.

In addition to the statutory judicial emergency, as outlined above, the Southern District of California also has a "judicial emergency" as defined by Judicial Conference policy. A vacancy on a district court is considered an "emergency" if the court's "weighted filings" exceed 600 per judgeship. The Southern District of California's weighted filings, 615 per judgeship, are high enough to be deemed an emergency. The District is authorized 13 permanent

Report of the Judicial Council of the Ninth Circuit Regarding a
    Judicial Emergency in the Southern District of California
April 2, 2020
Page 4

judgeships and has 5 vacancies. The adjusted weighted filing per *judge* is 999. One vacancy has been pending for over three years, two others for two years, and the remaining two for over one year. All are categorized as judicial emergencies. There are nominees for each of the vacancies, but due to the COVID-19 pandemic, the status of confirmation hearing dates remains uncertain.

### B. The Southern District of California's Application

CJO #18 outlines the measures the Court is taking to maintain the public's safety while trying to remain in compliance with applicable statues and mandated deadlines. The CDC recommendations regarding gatherings of 10 or fewer people make essential tasks such as convening the grand jury, holding civil and criminal jury trials, and criminal proceedings including sentencings, initial appearances, etc., unattainable.

## III. Reasons for Granting the Southern District of California's Application

### A. Weighted Caseload

The Southern District of California currently ranks 4th in the Ninth Circuit and 19th nationally in weighted filings, with 615 weighted filings per judgeship for the 12-month period ending December 31, 2019. The District ranks 2nd in the Ninth Circuit and 5th nationally for criminal felony filings. Overall, the total civil and criminal filings in the District reached 9,795 in 2019.

| 12 Month Period Ending December 31, 2019 | | | | Numerical Standing US | Numerical Standing Circuit |
|---|---|---|---|---|---|
| **Action per Judgeship** | **Filings** | Total | 726 | 14 | 3 |
| | | Civil | 211 | 77 | 10 |
| | | Criminal Felony | 412 | 5 | 2 |
| | | Supervised Release | 103 | 7 | 3 |
| | Pending Cases | | 490 | 49 | 8 |
| | Weighted Filings | | 615 | 19 | 4 |
| | Terminations | | 660 | 17 | 3 |
| | Trials Completed | | 13 | 60 | 5 |

Report of the Judicial Council of the Ninth Circuit Regarding a
   Judicial Emergency in the Southern District of California
April 2, 2020
Page 5

The caseload in the District consists of a high number of criminal felony cases, and the burden of these cases rests on the District Judges. The District Judges are required under the STA to give priority to criminal cases. The District has not received any additional permanent or temporary judgeships since 2003.

## B.   Limitations of In Person Appearances

Pursuant to the authority granted under the CARES Act and the Judicial Conference of the United States, along with previous authority granted by the Judicial Council of the Ninth Circuit Court of Appeals, the District has been exploring use of audio and video capabilities for required in-person hearings such as initial appearances. Many detention centers are not capable of handling audio or video appearances. The welfare of the Court, Federal Public Defenders, CJA Attorneys, US Marshal Service and defendants are placed at risk each time parties congregate in person for hearings and defendants are transported to and from the courthouse. Until a remedy is made available, the Court cannot feasibly sustain compliance with STA deadlines given the high number of criminal defendants processed daily while concurrently practicing small gathering and physical distancing guidelines.

## C.   Status as Border Court

The District includes San Diego and Imperial Counties, with a combined population of over three million residents. The District has extremely busy ports of entry along the southwest border of Mexico, which generates a significant number of federal criminal cases involving immigration, drugs, and customs offenses. Prosecutions under Operation Streamline have increased under the Trump Administration, with the U.S. Attorneys operating at the direction of the Department of Justice and increasing the number of arrests at the U.S.-Mexico border. The sheer volume of Operation Streamline cases makes it impossible to promote the safety of the Court and defendants while abiding by the current small gathering and physical distancing guidelines.

## D.   Judicial Vacancies

The District is authorized 13 permanent judgeships and has 5 vacancies. One vacancy has been pending for over three years, two others for two years, and

Report of the Judicial Council of the Ninth Circuit Regarding a
   Judicial Emergency in the Southern District of California
April 2, 2020
Page 6

the remaining two for over one year. All are categorized as judicial emergencies. There are nominees for each of the vacancies, but due to the COVID-19 pandemic, the status of confirmation hearing dates remains uncertain.

Eleven full-time and two recall magistrate judges are leveraged to manage the District's congested court. In the recent 2019 Biennial Survey of Judgeship Needs, the District has requested six additional judgeships. Since 2005, the District has requested anywhere from one to three additional judgeships.

### E. Limited Courtroom Availability

Chief Judge Burns has reported that the District is currently operating with only three courtrooms in the San Diego courthouse in order to minimize the amount of exposure in courtroom spaces, as well as the necessary daily sanitizing by General Services Administration (GSA) Staff. Under pandemic protocols, GSA is required to follow separate disinfection procedures to meet California Department of Public Health and Cal/OSHA guidelines to contain and control harmful exposures from Aerosol transmissible pathogens requiring droplet precautions, including COVID-19.

## IV. Proposal for Alleviating Congestion

### A. Visiting Judges

The District is unable to seek designations for vising judges due to the COVID-19 pandemic. While travel restrictions may be mitigated by utilizing telephone or video hearings where possible, the Judiciary is impacted on a national level by the public safety guidelines recommending gatherings of less than 10 persons and physical distancing of at least six feet.

### B. Declaration from CDC Regarding Public Gatherings

The backlog of cases caused by the restriction on public safety mandates can only start to be alleviated once the CDC lifts its guidance regarding travel-associated risks and congregate settings and physical distancing, and the Court is able to make a determination that it is once again safe to resume its operations as usual. The one-year extension will allow the Court the necessary time to process

Report of the Judicial Council of the Ninth Circuit Regarding a
    Judicial Emergency in the Southern District of California
April 2, 2020
Page 7

the backlog as well as manage the influx of new cases once it is deemed once again safe for members of the public to congregate.

### C.  Resumption of Normal Courtroom Operations

Until the CDC lifts restrictions on the size of public gatherings and there is consensus that it is once again safe to return the Court to its high level of operations in all courtrooms, the District is required to conducting court proceedings in as minimal court spaces as possible.

## V.    Conclusion

The Southern District of California (along with all of the other districts across the circuit) and the Ninth Circuit Judicial Council are exploring every alternative to prioritize essential hearings and keep court operations moving as quickly as possible while maintaining the welfare of the public.  However, the emergency situation in the Southern District of California has required the District and the Judicial Council of the Ninth Circuit to invoke the provisions of 18 U.S.C. § 3174(c) to extend the STA time periods for bringing defendants to trials.

Submitted by the Judicial Council
of the Ninth Circuit:

Sidney R. Thomas, Chief Circuit Judge
Jay S. Bybee, Senior Circuit Judge
Sandra S. Ikuta, Circuit Judge
N. Randy Smith, Senior Circuit Judge
Mary H. Murguia, Circuit Judge
Morgan Christen, Circuit Judge
Phyllis J. Hamilton, Chief District Judge
Ricardo S. Martinez, Chief District Judge
Virginia A. Phillips, Chief District Judge
Michael J. Seabright, Chief District Judge
Ronald S.W. Lew, Senior District Judge